NONPRECEDENTIAL DISPOSITION
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois  60604**

Submitted July 16, 2008[1]
Decided July 23, 2008

**Before**

DIANE P. WOOD, *Circuit Judge*

TERENCE T. EVANS, *Circuit Judge*

ANN CLAIRE WILLIAMS, *Circuit Judge*

No. 08-1339

| | |
|---|---|
| UNITED STATES OF AMERICA, | Appeal from the United States District |
| *Plaintiff-Appellee,* | Court for the Eastern District of Wisconsin. |
| *v.* | No. 01 CR 148 |
| JAQUAN T. CLAYTON, | J.P. Stadtmueller, Judge. |
| *Defendant-Appellant.* | |

**O R D E R**

Almost seven years ago, Jaquan T. Clayton was indicted for violations of the narcotics laws--21 U.S.C. §§ 841 and 846.  He was convicted and sentenced to a term of 330 months in prison.  He appealed, and we affirmed his conviction and sentence.

---

[1]  After examining the briefs and the record, we have concluded that oral argument is unnecessary.  Thus, the appeal is submitted on the briefs and the record.  *See* Fed. R. App. P. 34(a)(2).

However, within the same month, the United States Supreme Court issued its decision in Blakely v. Washington, 124 S. Ct. 2531 (2004). Based on that decision, Clayton petitioned for a writ of certiorari. Then the Court decided United States v. Booker, 125 S. Ct. 738 (2005), a decision throwing federal sentencing into disarray. Based on Booker, the Court granted Clayton's petition and vacated and remanded his case. In turn, we issued an order for a limited remand in line with the manner in which we were handling other cases affected by Booker. See United States v. Paladino, 401 F.3d 471 (7th Cir. 2005). The district judge responded to our order by informing us that a full remand for resentencing was appropriate, and on October 11, 2006, we remanded the case.

A resentencing hearing was held in November 2007. At the hearing, the judge substantially reduced Clayton's sentence from 330 months to 225 months. Despite what should have seemed like a clear victory, Clayton nevertheless filed a timely notice of appeal. His appointed counsel now moves to withdraw under Anders v. California, 386 U.S. 738 (1967), because he cannot discern any nonfrivolous ground for appeal. We notified Clayton that he could comment on counsel's submission, see Cir. R. 51(b), but he has not responded.

As counsel states in his supporting brief, because of the nature of the remand, the only possible appealable issue is whether the district court erred in resentencing Clayton to 225 months in prison. The sentence can only be set aside if it is unreasonable. Because Clayton's sentence is within the applicable advisory guideline range, it is presumptively reasonable.

The record as a whole makes clear that the district judge realized that he could depart from the sentencing guidelines. However, there are, as counsel points out, statements which taken in isolation could suggest otherwise. The judge said:

> And far too often individuals, whether they be defendants or family members or other members of the community who support a given family member, fail to appreciate the fact that we as judges have been significantly bridled when it comes to the matter of sentencing, because these are the very reasons that Congress has chosen to adopt the guideline

approach to sentencing to eliminate these disparities that heretofore have existed.

And if the Court is going to impose sentences that are outside of the mainstream there better be very good and sufficient reasons to do so, because in the current environment, and we've seen this when it comes to certain offenses, that instead of giving a guideline approach there is a statutory mandatory penalty. In other words, the judge has virtually no discretion whatsoever. The discretion to the extent that there is any is reposed in the good office of the prosecutor in terms of selecting appropriate charges in a particular factual setting.

But these statements cannot be viewed in isolation. The judge began the proceeding by noting that the guidelines were advisory. He also stated that he had examined the 18 U.S.C. § 3553(a) factors to determine whether there were circumstances to support a sentence less than the guidelines advise. He took statements from Clayton's mother and uncle. The judge concluded that, after considering all the factors, there was nothing to cause him to sentence outside the guidelines. He proceeded to drastically reduce the sentence originally imposed, partly, it is true, on the basis of a Federal Rule of Criminal Proceedings Rule 35 (b) motion by the government, but not solely on that basis. The sentence imposed was, in fact, below that which the government requested. The judge was well aware of his discretion and he exercised it. Our examination of the case causes us to agree with counsel's assessment. Any further proceedings on behalf of Clayton would be wholly frivolous and without arguable merit within the meaning of Anders v. California, 386 U.S. 738 (1967).

For the foregoing reasons, counsel's motion to withdraw is GRANTED and the appeal is DISMISSED.